Tammy Hussin (Bar No. 155290)
Lemberg & Associates, LLC
6404 Merlin Drive
Carlsbad, CA 92011
Telephone (855) 301-2100 ext. 5514
thussin@lemberglaw.com

Lemberg & Associates, LLC
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Jasmine Amos

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

**CV13-02100 DSF (SHx)**

| | |
|---|---|
| Jasmine Amos, | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | 1. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET. SEQ; |
| Convergent Outsourcing, Inc. d/b/a ER Solutions; and DOES 1-10, inclusive, | 2. VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT, CAL.CIV.CODE § 1788 ET. SEQ. |
| Defendants. | 3. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET.SEQ. |
| | **JURY TRIAL DEMANDED** |

COMPLAINT FOR DAMAGES

For this Complaint, the Plaintiff, Jasmine Amos, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Jasmine Amos (hereafter "Plaintiff"), is an adult individual residing in Downey, California, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Convergent Outsourcing, Inc. d/b/a ER Solutions ("Convergent"), is a Texas business entity with an address of 800 SW 39th Street, Renton, Washington 98055, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Convergent and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Convergent at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.      The Debt**

8. An unknown person (the "Debtor") allegedly incurred financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debtor is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

10. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

11. The Debt was purchased, assigned or transferred to Convergent for collection, or Convergent was employed by the Creditor to collect the Debt.

12. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. Convergent Engages in Harassment and Abusive Tactics**

13. Within the last year, Convergent contacted Plaintiff on her cellular telephone in an attempt to collect the Debt.

14. Plaintiff does not know the Debtor and is in no way responsible for the repayment of the Debt.

15. Convergent's calls originated from telephone number (323) 331-9697.

16. Each and every time Plaintiff answered a call from Convergent, she was never connected to a live representative to whom Plaintiff could speak.

17. Most times, when Plaintiff answered the calls, Convergent's telephone system would terminate the call after a period of silence. Other times, Convergent's telephone system would not recognize that the call had been answered and would not connect Plaintiff to a representative no matter how long Plaintiff waited to speak to a live representative.

18. When Plaintiff did not answer the calls, Convergent sometimes left a prerecorded message on Plaintiff's voicemail directing the Debtor to return the call to Convergent.

19. On numerous occasions, Plaintiff called Convergent at the aforementioned telephone number in an attempt to stop Convergent from placing further calls to her.

20. During each of Plaintiff's calls to Convergent, Plaintiff was greeted with a prerecorded message which stated: "Hello. Please hold for the first available representative. It is important that we speak with you. We will be with you shortly."

21. During each of Plaintiff's calls to Convergent, the greeting would repeat multiple times but Plaintiff was never connected to a representative. Instead, during each of these calls, Plaintiff was routed to Convergent's Audix voicemail system directing her to leave a message after the tone.

22. During each of Plaintiff's calls to Convergent, Plaintiff left a message on the voicemail system, providing her cellular number and advising that Convergent was calling the wrong number and instructing Convergent to cease placing calls to her.

23. Despite receiving several voicemail messages from Plaintiff and knowing that the Debtor could not be reached at Plaintiff's number, Convergent nonetheless continued calling Plaintiff at an excessive and harassing rate, causing great frustration to Plaintiff.

24. Thereafter, Plaintiff again called Convergent on December 20, 2012, in another attempt to stop the repeated calls. During this call, Plaintiff was not routed to Convergent's voicemail and was instead connected with a representative as promised by the recorded greeting. Plaintiff advised the representative that Convergent was calling the wrong number and requested that the calls stop. Following this conversation, Plaintiff received no further calls.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

25. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. By continuing to contact Plaintiff while knowing that the calls would not result in repayment of the Debt, Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

27. The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

28. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

29. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION
## PRACTICES ACT, Cal. Civ. Code § 1788 et seq.

30. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

32. Convergent Outsourcing, Inc., in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

33. The Defendants caused a telephone to ring repeatedly and engaged the Plaintiff in continuous conversations with an intent to annoy the Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

34. The Defendants communicated with the Plaintiff with such frequency as to be considered harassment, in violation of Cal. Civ. Code § 1788.11(e).

35. The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, et seq., in violation of Cal. Civ. Code § 1788.13(e).

36. The Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

37. The Plaintiff is entitled to damages as a result of the Defendants' violations.

**COUNT III**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –**
**47 U.S.C. § 227, et seq.**

38. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. At all times mentioned herein, Defendant contacted Plaintiff on her cellular telephone using an automated telephone dialing system ("ATDS") and/or by using an artificial voice or pre-recorded messages in violation 47 U.S.C. § 227(b)(1)(A)(iii).

40. Defendant's ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

41. The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

42. Plaintiff never provided her cellular telephone number to Defendant or the Creditor through any medium.

43. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

44. If Defendant at one time had prior express consent to place calls to Plaintiff's cellular telephone number, it no longer had consent to call Plaintiff after Plaintiff's repeated requests to stop the calls.

45. As a result of each of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

46. As a result of each of Defendant's knowing and/or willfully calling Plaintiff after being instructed to cease all calls to her, Defendant's violations of the TCPA were knowing and/or willful, and Plaintiff is therefore is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

E. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

F. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

G. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy and intentional infliction of emotional distress in an amount to be determined at trial for the Plaintiff;

H. Punitive damages; and

I. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  March 18, 2013             TAMMY HUSSIN

By:_____
Tammy Hussin, Esq.
Lemberg & Associates, LLC
Attorney for Plaintiff, Jasmine Amos

Tammy Hussin
Lemberg & Associates, LLC
6404 Merlin Drive
Carlsbad, California 92011
Telephone: (855) 301-2100 Ext. 5514
Facsimile: (203) 653-3424

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jasmine Amos<br><br>PLAINTIFF(S)<br>v.<br><br>Convergent Outsourcing, Inc.; and DOES 1-10, inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV13-02100** DSF (SHx)<br><br><br>**SUMMONS** |

TO:    DEFENDANT(S):    Convergent Outsourcing, Inc.

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Tammy Hussin, of counsel Lemberg & Associates, whose address is 6404 Merlin Drive, Carlsbad, CA 92011. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

MAR 2 2 2013

Dated: _____

Clerk, U.S. District Court

By: _____
    Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                   **SUMMONS**